UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| BARBARA R. SUMTER, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-CV-0533-CVE-FHM |
| WAL-MART STORES EAST, L.P., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Wal-Mart's Motion for Summary Judgment (Dkt. # 23). Defendant Wal-Mart Stores East, L.P. (Wal-Mart) argues that plaintiff slipped and fell after stepping on a clearly visible pool of Ranch dressing, and that it had no duty to protect plaintiff from an open and obvious condition on its property. Plaintiff responds that there is a genuine issue of material fact precluding summary judgment on this issue, because there is conflicting evidence as to the open and obvious nature of the condition that allegedly caused plaintiff's fall.

**I.**

On July 9, 2008, Barbara Sumter was shopping at a Wal-Mart store in Claremore, Oklahoma. She stepped on a pool of Ranch dressing or similar white substance and she fell onto her left knee. Dkt. # 23-1, at 3. Sumter claims that the substance was approximately the size of a tea saucer and she did not see any substance on the floor before she fell. Id. at 6-7. She admits that she saw the Ranch dressing after her fall. Dkt. # 41, at 2. However, she testified in her deposition that the Ranch dressing was similar in color to the white tile floor and she was also pushing a shopping cart that somewhat obscured her view of the floor. Dkt. # 41-1, at 1.

Sumter filed this case in Tulsa County District Court, Oklahoma, alleging that Wal-Mart was negligent and seeking damages in excess of $10,000. Dkt. # 2-2, at 1-2. However, plaintiff also alleged that she "suffered multiple injuries for which medical treatment is continuing as of the date of the filing of this Petition and, therefore, is seeking damages in excess of the amount required for diversity jurisdiction under [28 U.S.C. § 1332]." Dkt. # 2-2, at 2. Wal-Mart removed the case to this Court on the basis of diversity jurisdiction. Dkt. # 2, at 1.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Defendant argues that the condition that allegedly caused plaintiff's injury was open and obvious, and that it had no duty to protect plaintiff from the condition or warn her of possible danger. Plaintiff responds that there is conflicting evidence as to the visibility of the substance on the white tile floor and the obviousness of the danger, and these are genuine issues of material fact precluding summary judgment.

Under Oklahoma law, plaintiff must prove three elements to prevail on a negligence claim: (1) defendant owed a duty to plaintiff to protect plaintiff from injury; (2) defendant violated that duty; and (3) plaintiff suffered injuries that were proximately caused by defendant's violation of a duty. Consolidated Grain & Barge Co. v. Structural Systems, Inc., 212 P.3d 1168, 1171 n.8 (Okla. 2009). "The owner of premises owes 'the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers.'" Ruddy v. Skelly, 231 P.3d 725, 727 (Okla. Civ. App. 2009) (quoting Rogers v. Hennessee, 602 P.2d 1033, 1034 (Okla. 1979)). An invitor has no duty to warn an invitee of the presence of open and obvious dangers on the invitor's property. Williams v. Tulsa Motels, 958 P.2d 1282 (Okla. 1998). An invitor is not a "guarantor of the safety of its invitees," and is not liable for

3

injuries caused by a hazard of which the invitee should have been aware. <u>Dover v. W.H. Braum, Inc.</u>, 111 P.3d 243, 245 (Okla. 2005).

Defendant argues that the Ranch dressing was clearly visible to plaintiff after she fell and, even if plaintiff did not see the Ranch dressing before she fell, a reasonable person in the same circumstances would have found any danger to be open and obvious. Dkt. # 23, at 7; Dkt. # 48, at 1. Defendant relies on plaintiff's deposition testimony to show that the "pile" of Ranch dressing was approximately the size of a tea saucer, and argues that plaintiff would have seen the Ranch dressing if she was paying attention when she walking through the store. Dkt. # 48, at 3-4. Plaintiff responds that the Ranch dressing was almost the same color as the floor tile and "reasonable people would agree the [R]anch dressing was hidden from [plaintiff's] view." Dkt. # 41, at 2. She admits that she saw the Ranch dressing after she slipped, but argues that this is irrelevant to whether the condition was open and obvious. <u>Id.</u> at 3 n.1. She also claims that defendant placed items throughout the store to divert her attention, and that this also creates a genuine issue of material fact as to whether defendant's conduct contributed to plaintiff's slip and fall. <u>Id.</u> at 6.

The Court finds that there is a genuine issue of material fact as to whether a person exercising ordinary care would have seen the Ranch dressing or similar white substance on the white tile floor, and this precludes summary judgment in favor of defendant on the ground that the condition was open and obvious. The parties have presented conflicting evidence concerning the visibility of the hazard and it is not clear that plaintiff should have known of any danger. The existence of an open and obvious danger on a defendant's premises ordinarily requires the resolution of disputed factual issues, and this case is no different. See <u>Nalley v. Dunn</u>, 2010 WL 2868180 (N.D. Okla. July 20, 2010) (genuine issue of material fact as to visibility of alleged dangerous condition prevented summary judgment on open and obvious defense); <u>Miller v. David Grace, Inc.</u>,

4

212 P.3d 1223 (Okla. 2009) ("the openness and obviousness of the dangerous condition and whether [plaintiff] appreciated those risks are questions for the jury"). The Court must also take into account any circumstances "diverting the plaintiff's attention from the danger," and plaintiff claims that defendant intentionally placed items for display to divert her attention. Sholer v. ERC Management Group, LLC, ___ P.3d ___, 2011 WL 1262163, *3 (Okla. Apr. 5, 2011). Defendant claims that plaintiff has failed to identify any specific item or display that diverted her attention and that this issue is irrelevant. Dkt. # 48, at 4. However, Sholer does not impose a requirement that a plaintiff identify a specific distraction and, instead, directs a court to submit the issue of an open and obvious danger to a jury when there is a genuine issue of material fact as to "whether under similar circumstances a prudent person would be able to see the defect and avoid being injured." Sholer, 2011 WL 1262163 at *3. It is clear that there is a genuine issue of material fact as to Wal-mart's open and obvious danger defense and, thus, Wal-Mart's motion for summary judgment should be denied.

**IT IS THEREFORE ORDERED** that Wal-Mart's Motion for Summary Judgment (Dkt. # 23) is **denied**.

**DATED** this 4th day of May, 2011.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT